## The Freddie L. Porter.

*(Circuit Court, D. Maine. ———. 1881)*

1. Collision—Burden of Proof.

    In case of a collision between a sloop close-hauled and a schooner sailing directly before the wind, the burden is on the schooner to account for it consistently with her innocence.

2. Evidence—Absence of Witnesses.

    The absence of important witnesses, whose presence might have been secured by the exercise of reasonable diligence, is open to remark.

3. Damages—Net Freight.

    Where a vessel, chartered by a parol contract for a definite time, is sunk in a collision caused by the fault of the other colliding vessel, and becomes a total loss, the net freight for the unexpired time of the charter may be assessed as damages.

In Admiralty.

*Washington Gilbert*, for libellants.

*Webb & Haskell*, for claimants.

Lowell, C. J. The decision of this case in the district court is reported in 5 Fed. Rep. 822, and 4 Fed. Rep. 89. The Hope, a small sloop loaded very deep with stone, was proceeding from Cape Ann to Boston on a fine moonlight night, and was close hauled on the starboard tack, when she was struck on the starboard quarter by the stem or bow of the large three-masted schooner Freddie L. Porter, bound from Boston to the Kennebec for a cargo of ice, and sailing with the wind aft. The burden is on the schooner to account for the collision consistently with her innocence; and the defence is that the sloop suddenly tacked under the bows of the schooner immediately before the collision.

The mate of the Porter was on deck, forward, assisting the lookout, and there was a man at the wheel. Only the officer is brought forward as a witness. The libellants comment very severely on the absence of the other two. It seems that they deserted on the arrival of the vessel at her port of loading; but it would seem that, by reasonable diligence at that time, they might have been found. The libel was served only four days after the damage was done, and the absence of these men is open to remark.

The mate testifies that, being forward on the lookout, he saw both lights of the sloop ahead at a distance estimated at one-eighth or one-sixteenth of a mile; that he ordered his own helm hard a-port, and the order was obeyed, and the change of course brought the port light of the sloop three points on his port bow and shut out the green light;

then he ordered the wheel to be steadied, and went aft to loose the tackle of the main boom. Before he had reached his destination he turned and saw only the green light of the sloop, by which he found that she had tacked and was running across his bow; then he ordered his wheel to be ported again, and the answer was that it was hard a-port; then the collision took place. The two witnesses for the sloop say that the last tack was made about 20 minutes before the collision.

The mate's story cannot be accurate. His vessel was sailing directly before the wind; the sloop was five points off, and therefore he could not see both her lights "ahead," unless when she was coming into the wind to tack. If he saw them under those circumstances, he must admit that he had time to clear the sloop, for it was the first time he had seen her, and he was bound to see her in season; and he should have put his helm to starboard. I do not mean that he did see a tack at that time. From his evidence alone, if it were uncontradicted, I should say that he or his lookout had failed to see the sloop seasonably, and I have little doubt that the collision was caused by exactly that oversight. At all events, I agree with Judge Fox that the claimants have failed to sustain the burden of proof.

I have examined the evidence as to the loss of the sloop. The master of the schooner was of opinion that she was not much injured; but his wish was father to the thought. He took no pains to verify it. After the suit is brought, it is rather late to begin to array circumstances and inferences upon a matter that could easily have been made certain at the time of the loss. I find the preponderance of the evidence to be that the sloop was sunk and totally lost.

The question of damages for freight is more difficult. The vessel was chartered by a parol contract, which bound the charterer to furnish her with employment for the season, in daily or frequent trips from Cape Ann or Quincy to Boston, at a certain price, by the ton, for stone carried. It was a single and entire contract, which much resembled an ordinary time charter. The district court assessed the net freight for the unexpired time of the charter. Upon the analogy of the insurable character of the freight under such a contract, and of the authorities cited by Judge Fox in 4 FED. REP. 822, though I think the decision may be an advance upon any which has been made, I do not think it is opposed to any principle, and affirm it as reasonable and just. Decree affirmed.